1

2

Kathleen Kim Coghlan, WSBA #8874

3  KELLER ROHRBACK, LLP

4  1201 Third Avenue, Suite 3200
Seattle, Washington, 98101

5  Telephone:  206.623.1900
Facsimile:  206.623.3384

6

7  Kim W. West - SBN 078553

8  TUCKER ELLIS & WEST LLP
One Market Street

9  Steuart Tower, Suite 1300
San Francisco, California 94105

10  Telephone:  415.617.2400

11  Facsimile:   415.617.2409

12
Janice R. Hugener – SBN 126240

13  TUCKER ELLIS & WEST LLP

14  1000 Wilshire Boulevard, Suite 1800
Los Angeles, California 90017

15  Telephone:  213.430.3400
Facsimile:  213.430.3409

16

17                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF WASHINGTON

18

19  In re                                              )
                                                       )
20  METROPOLITAN MORTGAGE &                            )   Jointly Administered Under No. 04-
    SECURITIES CO., INC.,                              )   00757-W11
21                                                     )
                                      Debtor,          )   Chapter 11
22                                                     )
                                                       )
23  _____                  )
                                                       )
24  In re                                              )
                                                       )
25  SUMMIT SECURITIES, INC.,                           )
                                                       )
26                                    Debtor,          )
    _____

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1

2  In re

3  METROPOLITAN INVESTMENT
   SECURITIES, INC.,

4                          Debtor,

5  _____

6  ST. PAUL MERCURY INSURANCE
   COMPANY, a Minnesota corporation,

7

8                          Plaintiff,

9     v.

10  METROPOLITAN MORTGAGE &
    SECURITIES CO., INC., a Washington

11  corporation; SUMMIT
    SECURITIES,INC., an Idaho

12  Corporation; METROPOLITAN
    INVESTMENT SECURITIES, INC., a

13  Washington corporation; BRUCE
    BOYDEN, as Trustee for the Chapter 7

14  estate of METROPOLITAN
    INVESTMENT SECURITIES, INC.;

15  OLD STANDARD LIFE INSURANCE
    COMPANY, an Idaho Corporation,

16  WESTERN UNITED LIFE
    ASSURANCE COMPANY, a

17  Washington Corporation; OLD WEST
    ANNUITY AND LIFE INSURANCE

18  COMPANY, an Arizona Corporation;
    METWEST MORTGAGE SERVICES,

19  INC., a Washington Corporation;
    JAGUAR VENTURES, INC., an Idaho

20  Corporation; BRUCE BLOHOWIAK, an
    individual; GARY BRAJCICH, an

21  individual; STEVEN CROOKS, an
    individual; HAROLD ERFURTH, an

22  individual; JAMES HAWKINS, an
    individual; B. ELAINE HOSKIN, an

23  individual; MICHAEL KIRK, an
    individual; IRVING MARCUS, an

24  individual; ROBERT NESS, an
    individual; ROBERT POTTER, an

25  individual; RONALD PELLIGRINO, an
    individual; CLAYTON RUDD, an

26  individual; C. PAUL SANDIFUR, JR., an

No. 04-00757-W11

Adversary Proceeding No. 05-80138

AMENDED COMPLAINT BY ST.
PAUL MERCURY INSURANCE
COMPANY FOR INTERPLEADER

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 2

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  individual; HELEN SANDIFUR, an              )
   individual; PHILIP SANDIFUR, an             )
2  individual; SHELLY SANDIFUR, an             )
   individual; ERIK SKAGGS, an                 )
3  individual; SAMUEL SMITH, an                )
   individual; WILLIAM SMITH, an               )
4  individual; WILLIAM SNIDER, an              )
   individual; GREGORY STRATE, an              )
5  individual; REUEL SWANSON, an               )
   individual; JOHN TRIMBLE, an                )
6  individual; THOMAS TURNER, an               )
   individual;  BRUCE BUSHMAN, an              )
7  Individual;  and DOES 1-1,000,              )
                                               )
8  _____ Defendants.  )

9        Plaintiff St. Paul Mercury Insurance Company ("St. Paul") is an insurance

10 company.   It bring this action for interpleader against Defendants Metropolitan

11 Mortgage & Securities Co., Inc., Summit Securities, Inc. (Debtors and Debtors-in-

12 Possession), Metropolitan Investment Securities, Inc. and Bruce R. Boyden as its

13 Chapter 7 Trustee in Case No. 04-00756 (collectively, the "Debtor Defendants"),

14 various subsidiaries and affiliates of the Debtor Defendants (collectively, the

15 "Subsidiary Defendants"), and the past and present directors and officers of the

16 Debtor and Subsidiary Defendants (collectively, the "D&O Defendants"), who have

17 and/or who may make claims upon St. Paul for policy benefits under St. Paul Excess

18 Policy No. 0594 CM 0556.  St. Paul alleges as follows upon personal knowledge as to

19 its own acts and status, and upon information and belief as to all other matters:

20                         **I.  NATURE OF DISPUTE**

21       1.     By this action, St. Paul seeks to interplead the full $5 million limit of

22 liability of St. Paul Excess Policy No. 594 CM 0556 ("the St. Paul Excess D&O

23 Policy") on the grounds that St. Paul has been subjected to numerous conflicting and

24 competitive claims, lawsuits, and other matters by the Debtor, Subsidiary and/or D&O

25 Defendants (collectively, "the Defendant Insureds") which greatly exceed the

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1    proceeds available under this self-liquidating policy.

2                              **II.  THE PARTIES**

3        2.      St. Paul is Minnesota corporation, with its principal place of business in

4    Minnesota.  Subject to its terms and conditions, the St. Paul Excess D&O Policy

5    provides following form, first layer excess directors and officers coverage to the

6    Defendant Insureds for the period March 18, 2003, to March 18, 2004.  The St. Paul

7    Excess D&O Policy generally follows the form of a concurrent, primary level

8    Directors, Officers and Private Company Liability Insurance Policy, No. 263-38-69

9    ("the Primary D&O Policy"), issued to the Defendant Insureds by National Union Fire

10   Insurance Company of Pittsburgh, Pa. ("National Union").  The Primary D&O Policy

11   has an aggregate limit of $10 million, subject to self-insured retentions of $150,000

12   (EPL Claims) / $250,000 (Security Claims) / $250,000 (Other Claims).  The St. Paul

13   Excess D&O Policy contains an aggregate limit of $5 million excess of the $10

14   million in the underlying insurance provided by the Primary D&O Policy.   A true and

15   correct copy of the St. Paul Excess D&O Policy is attached hereto as Exhibit A, and

16   incorporated herein by reference as through fully set forth.

17       3.      Debtor Defendant Metropolitan Mortgage & Securities Co., Inc.

18   ("Metropolitan") is a Washington corporation located and doing business in Spokane

19   County, with its principal offices located at 601 West First Avenue, Spokane,

20   Washington.  On February 4, 2004, Metropolitan filed a voluntary petition for relief

21   under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as

22   amended (the "Bankruptcy Code").  Metropolitan continues to operate as a Debtor-in-

23   Possession under Sections 1107(a) and 1108 of the Bankruptcy Code.  An Unsecured

24   Creditor's Committee for Metropolitan was appointed by the U.S. Trustee on

25   February 13, 2004.

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 4

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    4.    Debtor Defendant Summit Securities, Inc. ("Summit") is an Idaho

2   corporation located and doing business in Spokane County with its principal offices

3   located at 601 West First Avenue, Spokane, Washington.   On February 4, 2004,

4   Summit filed a voluntary petition for relief under Chapter 11 the Bankruptcy Code.

5   Summit continues to operate as a Debtor-in-Possession under sections 1107(a) and

6   1108 of the Bankruptcy Code.  An Unsecured Creditor's Committee for Summit was

7   appointed by the U.S. Trustee on February 13, 2004.

8    5.    Debtor Defendant Metropolitan Investment Securities, Inc. ("MIS") is a

9   Washington corporation located in Spokane County with its principal offices located

10  at 601 West First Avenue, Spokane, Washington.   MIS ceased operations on

11  December 15, 2003.  On February 4, 2004, MIS filed a voluntary petition for relief

12  under Chapter 7 of the Bankruptcy Code.   Defendant Bruce R. Boyden has been

13  appointed as the Chapter 7 Trustee for MIS pursuant to 11 U.S.C. § 701.

14   6.    Subsidiary Defendant Old Standard Life Insurance Company ("Old

15  Standard") is an Idaho corporation with its principal place of business in Washington.

16   7.    Subsidiary Defendant Western United Life Assurance Company

17  ("Western United") is a Washington corporation with its principal place of business in

18  Washington.

19   8.    Subsidiary Defendant Old West Annuity & Life Insurance Company

20  ("Old West") is an Arizona corporation with its principal place of business in

21  Washington.

22   9.    Subsidiary Defendant Metwest Mortgage Services, Inc. ("Metwest") is a

23  Washington corporation with its principal place of business in Washington.

24   10.    Subsidiary Defendant Jaguar Ventures, Inc. ("Jaguar") is an Idaho

25  corporation with its principal place of business in Washington.

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    11.    Summit and Metropolitan were members of the "Metropolitan Financial

2    Group of Companies."  Other group members included Western United, Old Standard,

3    Old West, Metwest, and Jaguar. Each of these companies, and MIS, claims to be an

4    "Insured" under the St. Paul Excess D&O Policy.

5    12.    D&O Defendant Bruce Blohowiak is a resident of Washington who

6    claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status

7    as a former Chief Operating Officer, General Counsel, and Director of Metropolitan.

8    13.    D&O Defendant Gary Brajcich is a resident of Washington who claims

9    to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

10    former Director of Metropolitan.

11    14.    D&O Defendant Steven Crooks is a resident of Washington who claims

12    to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

13    former Controller of Metropolitan.

14    15.    D&O Defendant Harold Erfurth is a resident of Washington who claims

15    to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

16    former Director of Metropolitan.

17    16.    D&O Defendant James Hawkins is a resident of Washington who claims

18    to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

19    former Director of Summit.

20    17.    D&O Defendant B. Elaine Hoskin is a resident of Washington who

21    claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of her

22    status as a former Vice-President of Metropolitan.

23    18.    D&O Defendant Michael Kirk is a resident of Washington who claims to

24    be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

25    former Senior Vice-President of Metropolitan.

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

19.    D&O Defendant Irving Marcus is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Chairman of the Board and Chief Executive Officer of Metropolitan.

20.    D&O Defendant Robert Ness is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Controller of Metropolitan; and, (b) a former Controller of Summit.

21.    D&O Defendant Ronald Pelligrino is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Director and/or Officer of one or more of the Debtor Defendants.

22.    D&O Defendant Robert Potter is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Director of Summit.

23.    D&O Defendant Clayton Rudd is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Director of Summit.

24.    D&O Defendant C. Paul Sandifur, Jr., is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Chairman of the Board, Chief Executive Officer, and Director of Metropolitan; and, (b) a former President and Director of MIS.

25.    D&O Defendant Helen Sandifur is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of her status as a former Director and/or Officer of one or more of the Debtor Defendants.

26.    D&O Defendant Philip Sandifur is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Director of Summit.

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 7

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3

27.    D&O Defendant Shelly Sandifur is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of her status as a former Director and/or Officer of one or more of the Debtor Defendants.

4
5
6

28.    D&O Defendant Erik Skaggs is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Vice-President of Metropolitan.

7
8
9

29.    D&O Defendant Samuel Smith is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Director of Metropolitan; and, (b) a former director of MIS.

10
11
12
13

30.    D&O Defendant William Smith is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Chief Financial Officer of Metropolitan; and, (b) a former Chief Executive Officer and Chief Financial Officer of Summit.

14
15
16
17

31.    D&O Defendant William Snider is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Director and Chief Financial Officer of Metropolitan; and, (b) a former Director of MIS.

18
19
20

32.    D&O Defendant Gregory Strate is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a former Director of Summit.

21
22
23
24

33.    D&O Defendant Reuel Swanson is a resident of Washington who claims to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as: (a) a former Director and Secretary of Metropolitan; and, (b) a former Director, Secretary, and Treasurer of MIS.

25
26

34.    D&O Defendant John Trimble is a resident of Washington who claims to

AMENDED COMPLAINT BY ST. PAUL MERCURY INSURANCE COMPANY FOR INTERPLEADER - 8

\\KRFILE\DATA\CLIENTS\26882\1\PAmendedComplaint.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

2  former Director of Metropolitan.

3       35.    D&O Defendant Thomas Turner is a resident of Washington who claims

4  to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

5  former President of Summit.

6       36.    D&O Defendant Bruce Bushman is a resident of Washington who claims

7  to be an "Insured" under the St. Paul Excess D&O Policy by virtue of his status as a

8  former Vice President and National Sales Manager of Metropolitan Mortgage &

9  Securities Co., Inc.

10      37.    The true names and capacities, whether individual, corporate, associate or

11 otherwise, of the defendants named herein as DOES 1 through 1,000, inclusive, are

12 presently unknown to St. Paul, and they are, therefore, sued by such fictitious names.

13 St. Paul will amend this Complaint when the true names and capacities have been

14 ascertained.  St. Paul is informed and believes, and on that basis alleges, that each of

15 the fictitiously named defendants is an individual and/or entity who will claim that

16 he/she/it has a conflicting claim against the proceeds of the St. Paul Excess D&O

17 Policy.

18              **III.  JURISDICTION AND VENUE**

19      38.    This Court has jurisdiction over this adversary proceeding pursuant to 28

20 U.S.C. §§ 151, 157, 1334, 1335, 1367 and 2201 because it qualifies as a core matter

21 and/or is related to the Debtor Defendants' bankruptcy cases.  St. Paul consents to the

22 entry of a final judgment by the Bankruptcy Court on its complaint in interpleader.

23      39.    To the extent that this adversary proceeding is based on statutory

24 interpleader, subject matter jurisdiction exists because the amount in dispute (i.e., the

25 St. Paul Excess D&O Policy's $5 million limit of liability) exceeds the statutory

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 9

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   amount-in-dispute requirement and a minimum of two claimants have diverse

2   citizenship in relation to one another within the meaning of 28 U.S.C. §§ 1335 and

3   1332.

4       40.   Alternatively, to the extent that this adversary proceeding is based on

5   Rule 22 of the Federal Rules of Civil Procedure (which is applicable to this adversary

6   proceeding by and through Rule 22 of the Federal Rules of Bankruptcy Procedure),

7   subject matter jurisdiction exists because: (a) St. Paul is diverse from the Defendant

8   Insureds within the meaning of 28 U.S.C. § 1332 and, (b) the amount in dispute (i.e.,

9   the St. Paul Excess D&O Policy's $5 million limit of liability) exceeds $75,000.

10       41.   Venue is proper pursuant to 28 U.S.C. §§ 1391(a)(2), 1397, 1408 and

11   1409(a).

## IV.  FACTUAL BACKGROUND TO DISPUTE

### A.  The Corporate Structure Of The Debtor And Subsidiary Defendants

14       42.   Founded in 1953, Metropolitan marketed itself as a financial institution

15   offering safe investments suitable for long-term retirement savings, and for generating

16   retirement income.  Metropolitan securities were marketed exclusively through MIS.

17   Originally a subsidiary of Metropolitan, by 2001 MIS had been severed from

18   Metropolitan, and had become a wholly owned subsidiary of Summit.  Summit, which

19   shared offices with Metropolitan and MIS, was engaged in the marketing and sale of

20   investment and financial products similar to Metropolitan.

21       43.   Between January 2001 and March 2003, Metropolitan raised millions of

22   dollars of capital through its sale of securities through MIS to seniors, retirees and

23   other unsophisticated investors.  Sales of Metropolitan securities were primarily

24   accomplished through individual face-to-face sales pitches, often in the investor's own

25   home, during which the safety of Metropolitan investments was uniformly

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1   emphasized.  Investors were consistently told that the Metropolitan securities were
2   low-risk, solid, conservative, and dependable investments that were immune from
3   market volatility.   However, these representations were false, and the securities
4   involved a significant degree of risk.

5   **B.      The NASD Investigation and Settlement**

6          44.    On October 23, 2003, the National Association of Securities Dealers
7   ("NASD") and MIS entered into a "Letter of Acceptance, Waiver and Consent" in
8   settlement of NASD's assertion that MIS had violated NASD's rules by engaging in
9   abusive sales practices in connection with its sale of Metropolitan securities.
10  Specifically, the NASD investigation found that, from January 2001 through March
11  2003, MIS had engaged in fraudulent and unethical sales practices by making unfair
12  and unbalanced sales presentations to investors, including the risk of loss due to
13  Metropolitan's insufficient earnings, subordination of Metropolitan securities to other
14  obligations, and absence of an established market for Metropolitan's preferred stock.
15  The NASD determined that MIS' failure to explain these risk factors to investors gave
16  investors the false impression that Metropolitan securities were safe.

17         45.    As a result of the "Letter of Acceptance, Waiver and Consent", MIS was
18  censured and fined $500,000.  In addition, MIS agreed to make restitution to investors
19  of more than $2.8 million and maintain a special escrow account for MIS investors'
20  claims at a level of $1 million for five years.   Finally, MIS agreed to revise its
21  supervisory procedures to prevent a recurrence of the abusive sales practices at issue.
22  The "Letter of Acceptance, Waiver and Consent" was publicly announced on
23  November 12, 2003.   That same date, Metropolitan and Summit announced a
24  temporary suspension of payments of monthly dividends on all series of their
25  respective preferred stock.  On December 12, 2003, MIS announced its intention to
26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1  cease business.

2  46.    On December 15, 2003, American Stock Exchange halted trading in

3  Metropolitan's preferred stock.  That same date, Metropolitan announced that it would

4  not filed its Form 10-K for fiscal year 2003 until February 1, 2004, because its

5  auditors at Ernst & Young LLP needed additional time to complete their audit review

6  after it was discovered that the company sustained losses in excess of those disclosed

7  on its June 30, 2003, Form 10-Q.

8  47.    On January 6, 2004, Metropolitan advised its debenture holders that,

9  effective December 26, 2003, it had suspended all payments, including interest and

10 principal, on all Metropolitan notes and debentures.   The letter disclosed that

11 Metropolitan was no longer able to sell its securities, which sales had historically

12 served as a significant source of liquidity for Metropolitan.

13 **C.    The SEC Investigations**

14 48.    In the meantime, the Securities and Exchange Commission ("SEC")

15 commenced its own investigation into the sale of Metropolitan securities.  By letter

16 dated June 30, 2003, the Securities and Exchange Commission ("SEC") stated its

17 finding that MIS had violated NASD Rule 2310 (Suitability) and NASD 3010

18 (Supervision), and requested that MIS immediately provide a remediation plan to

19 address these violations.

20 49.    By letters dated November 19, 2003, and January 18, 2004, and

21 subpoenas dated February 19, 2004, the SEC sought documents and information from

22 Metropolitan and Summit, including information concerning certain of their largest

23 commercial loan transactions, financial controls, and accounting practices, as well as

24 the marketing and sale of Metropolitan and Summit securities.

25 **D.    The Resignation of Ernst & Young**

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1  50.    On January 20, 2004, Ernst & Young resigned as the independent auditor

2  for Metropolitan, and withdrew its reports (including all annual, quarterly and interim

3  reports) issued during Fiscal Years 1999, 2000, 2001 and 2002, and the first two

4  quarters for Fiscal Year 2003.  In connection with its resignation, Ernst & Young

5  informed Metropolitan's Audit Committee that it believed there was a material

6  weakness in the company's internal controls.  Specifically, Ernst & Young indicated

7  that certain members of Metropolitan's senior management had misrepresented facts

8  and failed to make known all relevant information concerning an identified transaction

9  occurring in fiscal year 2002, resulting in incorrect accounting treatment for that

10  transaction.

11  51.    In connection with its resignation, Ernst & Young further indicated to

12  Metropolitan's Audit Committee that it was unwilling to rely on management's

13  representations or be associated with the company's financial statements.  Ernst &

14  Young also informed the Audit Committee that the circumstances surrounding its

15  decision to resign materially impacted the ability to rely on its previously issued

16  independent auditor reports and the fairness of the financial statements underlying

17  those reports.

18  **E.    The Bankruptcy Petitions**

19  52.    On February 4, 2004, Metropolitan and Summit filed voluntary petitions

20  for Chapter 11 reorganization in the United States Bankruptcy Court for the Eastern

21  District of Washington.  Simultaneously, MIS filed a voluntary Chapter 7 petition for

22  liquidation in the same court.

23  **F.    The Oversight Activities of the State Insurance Regulators**

24  53.    Commencing in December 2003, the insurance company subsidiaries of

25  Metropolitan (i.e., Western United, Old Standard Life and Old West), began operating

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 13

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    under the close supervision of various state insurance regulatory authorities.  They

2    were not included in the bankruptcy filings because they were not eligible debtors

3    under federal bankruptcy law.

4         54.    On March 5, 2004, Metropolitan announced that the Washington State

5    Office of the Insurance Commissioner had initiated a voluntary rehabilitation of,

6    appointed a receiver for, and assumed control of Western United for the benefit of its

7    respective policyholders and annuitants.  That same date, Summit announced that the

8    Arizona and Idaho State Departments of Insurance had taken identical actions with

9    respect to Old West and Old Standard Life.

10   **G.     The Underlying Litigation**

11        55.    The Defendant Insureds have provided St. Paul with written notice of the

12   commencement of several lawsuits filed against them that included purportedly

13   covered causes of action for, or related to securities violations (collectively, the

14   "Securities Litigation").  The lawsuits comprising the Securities Litigation include,

15   but are not limited to:

16        (a)    <u>Baker v. Metropolitan Mortgage & Securities Co., Inc., et al.</u>, an

17   individual investor lawsuit filed on December 31, 2003, in the Circuit Court for

18   Multnomah County, Oregon, Case No. 0312-13942;

19        (b)    <u>Baker v. Metropolitan Mortgage & Metropolitan Securities Co.,</u>

20   <u>Inc., et al.</u>, a federal shareholder class action filed on February 4, 2004 in the United

21   States District Court for the District of Oregon, Case No. CV 04-00161-HU;

22        (c)    <u>Cauvel v. Metropolitan Investment Securities, Inc., et al.</u>, a federal

23   shareholder class action filed on January 20, 2004, in the United States District Court

24   for the Eastern District of Washington, Case No. CV-04-0025-FVS;

25        (d)    <u>Colson v. Reed, et al.</u>, a miscellaneous securities action filed in

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1  the Essex County (N.J.) Superior Court, Case No. L-5294-97;

2         (e)    Hall v. Metropolitan Mortgage & Securities Co., Inc., et al., a

3  federal shareholder class action filed on January 20, 2004, in the United States

4  District Court for the Eastern District of Washington, Case No. CV-04-0025-FVS;

5         (f)    Hawaii Forest Preservation LLC, et al. adv. Old Standard Life

6  Insurance Company, et al., a securities law cross-action filed in a lawsuit originally

7  commenced by Old Standard on August 7, 2002, in the First Circuit Court of the

8  State of Hawaii, Civil Case No. 01-1-2403-08; and,

9         (g)    Vader v. Racicot, et al., an individual investor state court action

10 filed on January 17, 2002, in the Montana First Judicial Court, Lewis & Clark

11 County, Case No. CDV-2002-057;

12     56.    In addition to the Securities Litigation, the Defendant Insureds have

13 provided St. Paul with written notice of the commencement of several lawsuits filed

14 against them that included purportedly covered causes of action for, or related to non-

15 securities related causes of action for employment practice violations (collectively, the

16 "Employment Practice Litigation").    The lawsuits comprising the Employment

17 Practice Litigation include, but are not limited to:

18         (a) Ellington v. Sandifur, et al., a wrongful termination action filed by a

19 former female employee on December 18, 2003, in the Spokane County (Wash.)

20 Superior Court, Case No. 03208144-7;

21         (b)    MacGeagh v. Sandifur, et al., a gender discrimination lawsuit

22 filed by a former female employee on December 5, 2003, in the Spokane County

23 (Wash.) Superior Court, Case No. 03207989-2;

24         (c)    Masters v. Metropolitan Mortgage & Securities, Inc., et al., a

25 wrongful termination case filed by a former male employee on March 31, 2003, in

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER - 15

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Spokane County (Wash.) Superior Court, Case No. 03202184-3; and,

2          (d)    Weed v. Sandifur, et al., an age discrimination action filed by a

3  husband and wife on December 12, 2003, in Spokane County (Wash.) Superior

4  Court, Case No. 03208145-5.

5          57.    In addition to the Securities Litigation and Employment Practice

6  Litigation (collectively, the "Underlying Litigation"), the Defendant Insureds have

7  provided St. Paul with correspondence purporting to give notice of numerous

8  additional potential circumstances that might be covered under the St. Paul Excess

9  D&O Policy.   Generally, these letters attempted to place St. Paul on notice of

10  circumstances that my give rise to future claims involving:

11          (a)    the NASD and SEC investigations, including various SEC

12  subpoenas and requests for documents, and MIS' October 2003 settlement with the

13  NASD;

14          (b)    other federal and state regulatory investigations by the

15  Department of Justice, Washington Attorney General, Washington Insurance

16  Commissioner, and Washington Department of Financial Institutions;

17          (c)    other regulatory fines imposed upon Metropolitan by the

18  Washington State Public Disclosure Commission in connections with its involvement

19  in Spokane's 2000 mayoral election cycle;

20          (d)    the circumstances surrounding the resignation of Ernst & Young;

21          (e)    various questioned transactions and payments, including the

22  alleged wrongful employment of D&O Defendant Helen Sandifur;

23          (f)    various proceedings to which Metropolitan and its directors and

24  officers were named as witnesses; and,

25          (g)    miscellaneous investor claim and inquiry letters.

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

58.    In response to the Defendant Insureds' reporting of the Underlying Litigation and/or correspondence purporting to give notice of potential claims, St. Paul acknowledged receipt and issued coverage position correspondence in which it fully reserved all of its rights under and in relation to the St. Paul Excess D&O Policy.

59.    St. Paul has complied with all of its obligations and duties under the St. Paul Excess D&O Policy, except those duties which have been excused by the Defendants.

60.    St. Paul and the Defendant Insureds have made repeated, good faith efforts to negotiate a global settlement of the Underlying Litigation by making the limits of the St. Paul Excess D&O Policy available, subject to an appropriate release; however, the competing claims and demands of the underlying claimants exceed the limits of the Primary D&O Policy and the St. Paul Excess D&O Policy, and this and other factors unrelated to St. Paul have made any such global settlement impossible.

## FIRST COUNT FOR INTERPLEADER

### (Against All Defendants)

61.    St. Paul realleges and incorporates by reference paragraphs 1 through 60, inclusive, as if fully set forth herein.

62.    The Defendant Insureds have sought insurance coverage from St. Paul under the St. Paul Excess D&O Policy in connection with Underlying Litigation and other matters pending in various federal and state courts for which there may or may not be insurance coverage under the St. Paul Excess D&O Policy.  St. Paul has been apprised of and/or has participated in certain discussions and has received letters and demands which has led St. Paul to reasonably believe that the claims and demands made in the Underlying Litigation against the Defendant Insureds greatly exceed and will fully exhaust the $5 million limit of liability of the St. Paul Excess D&O Policy

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1  without providing for releases of liability for all potentially implicated Defendant

2  Insureds with respect to all of the pending claims.

3         63.    Because of the conflicting and competing settlement demands, offers and

4  opportunities, and the total amount of the claims made against the Defendant Insureds

5  in the Underlying Litigation, St. Paul cannot reasonably determine which of the

6  Defendant Insureds are entitled to what portion of the limit of liability of the St. Paul

7  Excess D&O Policy, and should not be compelled to run the risk of determining

8  which Defendant Insureds should receive payment under the St. Paul Excess D&O

9  Policy for losses they have allegedly sustained as a result of the Underlying Litigation

10  for which they seek coverage.

11        64.    St. Paul believes that payment by it to any one of the Defendant Insureds

12  under the St. Paul Excess D&O Policy will lead to multiple claims being brought by

13  the other Defendant Insureds making a demand for payment of the remaining limits of

14  the St. Paul Excess D&O Policy.  Thus, any attempt by St. Paul to make payment for

15  any one of the claims, or to any one of the Defendant Insureds, is likely to lead to

16  multiple and vexatious litigation.

17        65.    Unless the Defendant Insureds are restrained or enjoined from

18  prosecuting suits against St. Paul, either directly or indirectly, and from any effort to

19  collect from St. Paul any judgment rendered against them in any of the Underlying

20  Litigation, St. Paul will be subject to multiple or vexatious claims and lawsuits,

21  inconsistent judgments, the outcome of which will not be properly determinative of

22  the manner in which the funds of St. Paul should be apportioned among the Defendant

23  Insureds.

24        66.    St. Paul stands neutral as to the appropriate use of the St. Paul Excess

25  D&O Policy's limit of liability to resolve covered claims against the Defendant

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

1    Insureds, and seeks to be discharged from any and all of its obligations under and in

2    relation to the St. Paul Excess D&O Policy.

3        67.    Contemporaneously with the filing of this adversary interpleader

4    proceeding, St. Paul is filing a motion to lift the automatic bankruptcy stay so as to

5    allow St. Paul, should this Court so order, to deposit the full and uneroded $5 million

6    limit of liability of the St. Paul Excess D&O Policy in the registry of this Court.

7        68.    St. Paul has incurred attorneys' fees and costs in bringing this adversary

8    proceeding in an amount to be proven at the hearing concerning the propriety of its

9    interpleader and the discharge of St. Paul.

10                        **PRAYER FOR RELIEF**

11       **WHEREFORE**, St. Paul requests that the Court enter judgment in its favor

12   and against the Defendant Insureds, and each of them, as follows:

13       1.    An order requiring that all Defendant Insureds interplead and litigate

14   between themselves their rights to the $5 million limit of liability of the St. Paul

15   Excess D&O Policy;

16       2.    A judgment discharging St. Paul from any liability to the Defendant

17   Insureds and any future claimants;

18       3.    An order restraining the Defendant Insureds from instituting or further

19   prosecuting any other proceedings in any court affecting the rights and obligations as

20   between the parties to the St. Paul Excess D&O Policy until further notice of the

21   Court;

22       4.    A judgment declaring that St. Paul is fully exonerated from any future

23   claims upon its deposit of the full, uneroded $5 million limit of liability of the St.

24   Paul Excess D&O Policy in the registry of the Court;

25       5.    An order awarding St. Paul its costs and reasonable attorneys' fees in a

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 19

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    sum to be determined by the Court; and,

2         6.    For such other and further relief at law or in equity as the Court may

3    deem just and proper.

4

     Dated this 11ᵗʰ day of August, 2005 TUCKER ELLIS & WEST LLP
5

6

7                                    By: */s/Kathleen Kim Coghlan*
                                         Kathleen Kim Coghlan, WSBA #8874
8                                        Kim W. West, SBN #978553
                                         Janice R. Hugener, SBN #126240
9                                        Attorneys for Plaintiff
                                         ST. PAUL MERCURY INSURANCE
10                                       COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED COMPLAINT BY ST. PAUL MERCURY
INSURANCE COMPANY FOR INTERPLEADER  - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\KRFILE\DATA\CLIENTS\26882\1\PAMENDEDCOMPLAINT.DOC