UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

Federal Insurance Co., et al.,

        Plaintiffs,

   v.

Metropolitan Mortgage & Securities Co., Inc. et al.,

        Defendants.

No. CV-05-309-FVS

ORDER ENTERING PARTIAL JUDGMENT IN FAVOR OF ST. PAUL MERCURY INSURANCE COMPANY

**BEFORE THE COURT** is Plaintiff St. Paul Mercury Insurance Company's Motion for Entry of Judgment Under Federal Rule of Civil Procedure 54(b). (Ct. Rec. 301). This motion is unopposed and was noted for hearing without oral argument.

**BACKGROUND**

St. Paul Mercury issued an Excess D&O Policy, No. 0556, to Metropolitan Mortgage & Securities, Co., Inc. ("Metropolitan"), which provides first layer excess directors and officers coverage to Metropolitan, its subsidiaries, and their respective directors and officers for the period of March 18, 2003, to March 18, 2004. This policy provides limits of liability of $5 million in excess of the $10 million limits of the Primary D&O Policy. On February 4, 2004, Metropolitan and Summit filed voluntary petitions for Chapter 11 reorganization in the Bankruptcy Court. Simultaneously, Metropolitan Investment Securities ("MIS") filed a voluntary Chapter 7 petition for liquidation in the same court. Thereafter, Metropolitan, Summit, MIS,

ORDER ENTERING PARTIAL JUDGMENT IN FAVOR OF ST. PAUL MERCURY INSURANCE COMPANY - 1

and their respective directors and officers (collectively, the "Defendant Insureds") placed St. Paul Mercury on notice of many claims and potential claims against them which may later ripen into formal proceedings for which they may seek coverage under the Excess D&O Policy.  Given the competing and conflicting demands and interests of the various insureds, St. Paul Mercury was unsure how to resolve the claims and anticipated that the claims will exhaust the $5 million policy limits.  Consequently, on July 26, 2005, St. Paul Mercury filed an interpleader action to compel the defendants to litigate their claims.  All of the insureds with potential indemnity claims arising from the lawsuits pending against Metropolitan are named as defendants in this interpleader action.  This action was originally pending as an adversary proceeding in Bankruptcy Court, but this Court withdrew the reference and accepted jurisdiction of the interpleader on November 1, 2005.[1]  St. Paul Mercury sought and obtained leave of the Bankruptcy Court to make a Rule 67 deposit in the amount of the Excess D&O Policy's full $5 million limits.  On October 14, 2005, St. Paul Mercury's $5 million check was successfully deposited with the Clerk of the Bankruptcy Court and receipt number 4869678 was issued.

By Order dated December 20, 2006, the Court (1) granted St. Paul Mercury's unopposed motion and required all of the defendants in the consolidated interpleader action to interplead and litigate between themselves their rights to the $5 million Excess D&O Policy; (2)

---

[1] The Court withdrew the Adversary Reference Nos. 05-80126, 05-80135, and 05-80138 from Bankruptcy Court and consolidated the matters into one case, CV-05-309-FVS.

ORDER ENTERING PARTIAL JUDGMENT IN FAVOR OF ST. PAUL MERCURY INSURANCE COMPANY - 2

discharged St. Paul Mercury from any and all liability to the defendants to the St. Paul Mercury Interpleader Act and any future claimants to the proceeds of the St. Paul Mercury Excess D&O Policy; (3) restrained the defendants to the St. Paul Mercury Interpleader Action from instituting or further prosecuting any other proceedings in any court affecting the rights and obligations as between the parties to St. Paul Mercury Excess D&O Policy without the consent of this Court; and (4) fully exonerated St. Paul Mercury from any future claims under or in relation to the St. Paul Mercury Excess D&O Policy.

Because the Court's December 20th Order is interlocutory in nature, it cannot be appealed by the defendants until all claims to the interpleaded funds have been adjudicated. *Abex Corp. v. Ski's Enter., Inc.*, 748 F.2d 513, 515 (9th Cir. 1984). Consequently, St. Paul Mercury requests the Court enter partial judgment in this action in favor of St. Paul Mercury, which will start the appeal clock running. Otherwise, St. Paul Mercury contends it will have to maintain an open file in this matter until the defendant insureds and all of the adverse claimants have finished litigating their claims against each other.

**DISCUSSION**

Federal Rule of Civil Procedure 54(b) authorizes the Court "to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" if there is "no just reason for delay" in entering judgment. Fed.R.Civ.P. 54(b). "Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991) (citation and

ORDER ENTERING PARTIAL JUDGMENT IN FAVOR OF ST. PAUL MERCURY INSURANCE COMPANY - 3

internal quotations omitted). "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Ponsoldt*, 939 F.2d at 797-98 (internal quotations and citation omitted).

Here, the factual and legal issues, as they pertain to St. Paul Mercury, are easily severed. The Court previously discharged and exonerated St. Paul Mercury from further liability under the Excess D&O Policy. Thus, the December 20th Order is "final" for all practical purposes with respect to St. Paul Mercury. Consequently, there is no "just reason" to delay entry of judgment in favor of St. Paul Mercury. Therefore, the Court grants St. Paul Mercury's motion for entry of partial judgment under Rule 54(b). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff St. Paul Mercury Insurance Company's Motion for Entry of Judgment Under Federal Rule of Civil Procedure 54(b), **Ct. Rec. 301**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, and enter **partial judgment in favor of St. Paul Mercury Insurance Company**.

**DATED** this 24th day of February, 2006.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER ENTERING PARTIAL JUDGMENT IN FAVOR OF ST. PAUL MERCURY INSURANCE COMPANY - 4